# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

BAP No.   MB 99-100

IN RE: V & M MANAGEMENT,
Debtor.

ALPHONSE MOURAD
Appellant,

v.

HAROLD B. MURPHY, DONALD F. FARRELL, JR.,
HANIFY & KING, P.C., AND
STEPHEN S. GRAY
Appellees.

Appeal from the United States Bankruptcy Court
for the District of Massachusetts
(Hon. Carol J. Kenner, U.S. Bankruptcy Judge)

Before

VOTOLATO, GOODMAN, DEJESUS, U.S. Bankruptcy Appellate Panel Judges

Alphonse Mourad, Pro Se.

Paul D. Moore, Anthony J. Fitzpatrick & Richard M. Wong, and
Duane Morris & Heckscher, LLP, on brief for Appellee Stephen S. Gray

Harold B. Murphy, Andrew G. Lizotte and Hanify & King, P.C. ,
on brief for Appellees Harold B. Murphy, Donald F. Farrell, Jr.,
and Hanify & King, P.C.

February 26 , 2001

**Per Curiam.**

     This is an appeal from an opinion by a bankruptcy judge denying motions for recusal and remand of a removed complaint, and dismissing all but one count of the complaint, which was remanded to the Courts of the Commonwealth of Massachusetts.[1]

After reviewing the briefs and documents submitted in the appendices, and having heard the parties, we conclude that the bankruptcy court's ruling entered on November 10, 1999, correctly resolves the three issues on appeal.[2] We only add the following.

Appellant attempts to show a deep seated judicial antagonism based on final rulings given in the case and on his arrest when he deliberately violated the judge's order excluding him from the court's premises due to unruly and disruptive behavior. Final judicial rulings entered during the course of a bankruptcy case, without more, are hardly ever a valid basis for recusal on

---

[1] This bankruptcy appellate panel considers the bankruptcy court's opinion denying motions for recusal and remand joined by a final judgment granting a motion to dismiss most causes of action in the removed complaint a final order. *Cf*. In re Eastport Associates, 935 F.2d 1071, 1075 (9th Cir. 1991). We exercise jurisdiction over this appeal pursuant to 11 U.S.C. § 158 (a)(1) and § 159 (b)(1).

[2] We applied the following standards of review. We reviewed the bankruptcy court's findings of fact under the clearly erroneous standard and reviewed that court's conclusions of law *de novo*. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994). We reviewed the bankruptcy court's order denying the request for recusal applying the abuse of discretion standard. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

account of judicial bias or partiality.  <u>Liteky v. U.S.</u>, 510 U.S. 540,

554-55 (1994)("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion....  Almost invariably, they are proper grounds for appeal, not for recusal.")   The rulings and the provocation which led to Appellant's arrest do not show the judge who issued these orders "display[ed] a clear inability to render a fair judgment" in other matters brought before her for consideration by the arrested litigant. <u>Id</u>. at 551.

The bankruptcy court has jurisdiction to order the reopening of a closed case under 11 U.S.C. Section 350(b) and to adjudicate matters pending in a complaint removed after a Chapter 11 plan was confirmed.  <u>In the Matter of Southmark Corporation</u>, 163 F.3d 925 (5th Cir. 1999), *cert. denied*, 527 U.S. 1004 (1999); 8 <u>Collier on Bankruptcy</u>, ¶ 1142.04[2] pp. 1142-7 (15th ed. rev.) (1998).

We therefore affirm the bankruptcy court's opinion of November 10, 1999, adopting as our own its factual findings and conclusions of law.